```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

JAMES JOHNSON                        :
                                     :
v.                                   :   Civil No. WMN-05-2737
                                     :
PAUL D. MCMANUS                      :
                                     :

### MEMORANDUM

Before the Court is Defendant's motion to dismiss the complaint. Paper No. 6. The motion is ripe. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion should be granted.

This action arises out of Plaintiff's arrest on or about February 7, 2002. Defendant, a Baltimore City Police Officer, arrested Plaintiff pursuant to an August 1987 bench warrant issued for a James (middle name unknown) Johnson who was described in the warrant as a 5' 9", 128 pound black man with a tattoo on his right arm. According to the Complaint, Plaintiff, James Linnet Johnson, is a 6' 3 ½", 175 pound black male with no tattoos. The gravamen of the Complaint is that this clear discrepancy between the description in the warrant and Plaintiff's physical appearance should have alerted Defendant that Plaintiff was not the individual sought in the warrant.

Plaintiff initially filed this action in the Circuit Court for Baltimore City, bringing claims for violations of his constitutional rights (Count I), battery (Count II), negligence

(Count III), and false arrest (Count IV).  Defendant removed the action to this Court and has moved to dismiss the entire complaint on the ground that Plaintiff failed to comply with the provisions of the Local Government Tort Claims Act, Md. Code Ann., Cts & Jud. Proc. § 5-301, et seq. (LGTCA).  In the alternative, Defendant moves to dismiss Count III on the ground that he is entitled to both common law and statutory immunity from liability for acts of negligence.

The LGTCA provides a partial waiver of the traditional governmental immunity enjoyed by local governments.  Martino v. Bell, 40 F. Supp. 2d 719 (D. Md. 1999).  To receive the benefit of that waiver, however, a plaintiff seeking unliquidated damages must provide notice of his claim within 180 days of his injury.  Md. Code Ann., Cts. & Jud. Proc. § 5-304(a).  In Baltimore City, this notice is given to the City Solicitor.  Id. § 5-304(b)(1).  The filing of this notice under the LGTCA "is a condition precedent to the right to maintain an action for damages, and compliance with the notice provision should be alleged in the complaint as a substantive element of the cause of action."  Renn v. Board of Com'rs of Charles County, 352 F. Supp. 2d 599, 603 (D. Md. 2005) (emphasis added); see also Luy v. Baltimore Police Dept., 326 F. Supp. 2d 682, 693 (D. Md. 2004) (same); Curtis v. Pracht, 202 F. Supp. 2d 406, 414 (D. Md. 2002) (same).  The notice requirements of the LGTCA apply equally to intentional and constitutional torts.  Id.

Plaintiff responds in his opposition that he has fully

complied with the LGCTA's notice provisions and provides with that opposition copies of the letter sent to the City Solicitor and responses thereto.  Reviewing those materials, the Court would agree that Plaintiff appears to have complied with the LGTCA.  Nevertheless, the Complaint as it now stands does not allege that compliance and "it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989); see also Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) (observing that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").  While it may seem hyper-technical to dismiss the Complaint only to have Plaintiff file an Amended Complaint to correct his oversight, that seems the most prudent course.

Assuming that Plaintiff will file an amended complaint, the Court also finds it prudent to address Defendant's immunity argument at this time.  Public official immunity in Maryland is recognized both at common law and by statute.  To qualify for this immunity at common law: (1) the actor must be a public official, rather than a mere government employee or agent; (2) the conduct giving rise to the injury must have occurred while the actor was performing discretionary, as opposed to ministerial, acts; and (3) the actor must have performed the relevant acts within the scope of his official duties.  Baltimore

3

Police Dept. v. Cherkes, 780 A.2d 410, 437 (Md. App. 2001).  If these three conditions are met, the public official is entitled to qualified immunity in the absence of malice.  Id.  The prerequisites for statutory immunity are similar: "an official of a government entity, while acting in a discretionary capacity, without malice, and within the scope of the official's authority is immune as an official or individual from civil liability for any act or omission."  Md. Code. Ann., Cts & Jud. Proc. § 5-511(b).

Plaintiff's only challenge to the applicability of these immunities is his assertion that Defendant's acts were ministerial and not discretionary.  Plaintiff contends that "[t]he service of the warrant required no discretionary function regarding the exercise of police powers on [Defendant's] part. Defendant submitted that he was charged with serving the warrant, did so, and wrongfully arrested the Plaintiff.  There is no indication on the facts as alleged in the Complaint that the situation involved or required 'an exercise of the police officers' personal judgment to more than a minor degree.'"  Opp. 3 (quoting James v. Prince George's County, 418 A.2d 1173, 1180 (Md. 1980)).

Maryland courts, however, have long held that "the actions of police officers within the scope of their law enforcement function are quintessential discretionary acts," Williams v. Prince George's County, 685 A.2d 884, 896 (Md. App. 1996) (citing

<u>Robinson v. Bd. of County Comm'rs</u>, 278 A.2d 71 (Md. 1971)), and the making of an arrest falls squarely within the scope of a police officer's law enforcement function.  In fact, Plaintiff's claim itself highlights the discretionary nature of making an arrest, even one pursuant to a warrant.  It is Plaintiff's central contention that Defendant should have exercised his judgment and concluded that Plaintiff was not the individual sought in warrant.

Thus, Defendant clearly enjoys immunity from Plaintiff's negligence claim.  If included in an amended complaint, that claim would be subject to dismissal.

A separate order consistent with this memorandum will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: January 12, 2006

5